CASE 36—PETITION ORDINARY—DECEMBER 4.

# Schulten v. Bavarian Brewing Company.

APPEAL FROM KENTON CIRCUIT COURT.

1. A PETITION FOR SLANDER OR LIBEL IS NOT GOOD unless it states the slanderous or libelous words of the alleged false statement.

2 To CONSTITUTE A GOOD PETITION FOR CRIMINAL CONSPIRACY it is necessary to allege facts showing a combination or confederation on the part of defendants to do an unlawful act by reason of which a civil right of the plaintiff was infringed, and an injury to his person, property, reputation or business sustained.

3. IT IS NOT UNLAWFUL FOR SEVERAL PERSONS IN TRADE TO CONFEDERATE TOGETHER to protect themselves by lawful acts from dishonest debtors. And while defendants were guilty of an unlawful act, if they tried, by refusing to sell plaintiff goods, to make him pay something he did not owe, yet it is not sufficient to constitute a cause of action to state that they combined with others to coerce plaintiff into paying a certain sum "falsely alleged to be owing by him" to them, as this was but a conclusion of the pleader in so far as it attempted to aver that plaintiff did not owe the sum claimed. The petition should have specifically averred that plaintiff was not indebted to defendants in the sum named.

HALLAM & MYERS FOR APPELLANT.

1. Appellee having, with others, engaged in the brewing business, agreed to refuse to sell to appellant the product of their breweries for the alleged reason that the appellant was indebted to one of the number so agreeing, the agreement was sufficient to constitute a conspiracy by which appellant was effectually boycotted and his business ruined, and for which an action should be sustained. (Gregory v. Brunswick, 6 M. & G., 205; Cooley on Torts, 125, note 3, 125, 280, 282, 278; Casey v. Typographical Union, U. S. Circuit Court, N. D. Ohio, 45 Fed. Rep., 135; Carew v. Rutherford, 106 Mass., 1; Bouvier's Law Dictionary, "Conspiracy.")

2. The failure of appellant to set out the libel complained of in specific words was not a cause of demurrer, but only for a rule to make more definite. (Odgers on Slander, 29.)

WILLIAM GOEBEL FOR APPELLEE.

1. Appellant's petition does not state a cause of action for conspiracy since no man is entitled as a matter of right to be permitted to pur-

chase any commodity from any particular person, or number of persons, and as appellee is not engaged in a public employment, it may lawfully refuse to sell to whom it chooses.

2. The allegations of appellant's petition, failing to set out specifically the matter uttered or published, were merely legal conclusions, and, therefore, fatal to an action for libel. (Bohn Manf'g Co. v. Hollis, 54 Minn., 223.)

CHIEF JUSTICE QUIGLEY DELIVERED THE OPINION OF THE COURT.

The petition of plaintiff, filed in the Kenton Circuit Court, reads as follows: "The plaintiff Clem. Schulten says, that at the time of the doing of the wrongs and injuries hereinafter set forth, and for many years thereafter, the defendant, the Bavarian Brewing Company, was a corporation duly organized under the general statute laws of Kentucky, and the defendant, The John Hauck Brewing Company, was a corporation duly organized under the statute laws of Ohio, both for the sole purpose of brewing and selling malt liquors, and were members of a certain unlawful combination, consisting of all the brewers of the city of Cincinnati, Ohio, and Covington and Newport, Kentucky, and the vicinity; all the members whereof were and are in conspiracy with each other, and other persons, to the plaintiff unknown, to prevent the obtaining of any malt liquor by any retail dealer therein, who might be in debt or alleged to be in debt to any member of said combination, and thereby to injure and destroy his business, and un lawfully compel him to pay such debt or alleged debt, without judicial ascertainment or due process of law. And plaintiff says that at the same time he was a retail vendor of malt liquors in the city of Covington, Kentucky, duly licensed as such and

carrying on said business, as the sole means of subsistence for himself and his wife and five children, and was therein wholly dependent for his supplies of such liquors upon the defendants and other members of said combination, and was able, ready and willing to pay for such supplies, and tendering and offering to purchase the same for cash of the defendants and other members of said combination. Yet, on the twenty-seventh day of November, 1891, the defendants and other members of the said combination to the plaintiff unknown, intending to injure the plaintiff and destroy his said business and to prevent his earning a subsistence for himself or his family, and to unlawfully and oppressively coerce him into paying to the said Bavarian Brewing Company the sum of one hundred and eighty-four dollars and fifty cents, then falsely alleged to be owing by him to it, did wrongfully and maliciously combine, conspire and confederate together so to do, and therein to, and they then did, wrongfully, falsely, libelously and maliciously write, utter and publish to each other and to all the members of said combination, and others to plaintiff unknown, that plaintiff was indebted as aforesaid, and so to prevent and they did thereby prevent the plaintiff from obtaining any supplies of malt liquors, and from carrying on his said business, and by means of the premises the plaintiff's said business then was and remains injured and wholly destroyed, to his damage in the sum of ten thousand dollars. Wherefore he prays judgment for ten thousand dollars damages, and for costs and all proper relief."

A general demurrer having been sustained to the petition, and plaintiff declining to plead further, his petition was dismissed, and from the judgment so doing, he prosecutes this appeal.

Admitting on demurrer the allegations of the petition to be true, do they constitute a cause of action against the defendants? The petition is threefold in its nature, in that by intendment at least, there are three causes of action stated: Slander, libel and criminal conspiracy. The slanderous, libelous words of the alleged false statement are not set out, and, therefore, the petition states no cause of action for slander or libel. To have constituted a criminal conspiracy on the part of defendants, it is necessary that the petition should have stated facts, showing a combination or confederation on their part to do an unlawful act, by reason of which a civil right of the plaintiff was infringed, and an injury to his person, property, reputation or business sustained. (Carew v. Rutherford, 106 Mass., 1; Bohn Manufacturing Co. v. Hollis, &c., 54 Minn., 223; Cooley on Torts, pages 278, 279, 280.)

The alleged unlawful act of defendants, is, that they and others, to the plaintiff unknown, combined together to coerce plaintiff into paying to defendant, The Bavarian Brewing Company, *the sum of one hundred and eighty-four dollars and fifty cents, then falsely alleged to be owing by him to it.*

This allegation, by inference, denies that plaintiff owed defendant said sum, and assumes, therefore, that defendants were trying to cheat or defraud him out of it by refusing to sell him beer. It is pleading

a mere conclusion of the plaintiff, and not a fact. The petition should have averred specifically that the plaintiff was not indebted to defendant in said sum. If he was not indebted to the defendant, The Bavarian Brewing Company, then the defendants were guilty of an unlawful act in trying to make him pay something he did not owe by refusing to sell him beer. But if he was so indebted, and refused to pay, or whether he paid or not, the defendants had the right at any time, not being public agents and owing no common duty to the public, to sever the relationship of creditor and debtor, and to refuse to deal with him further. It is not unlawful for several persons in trade to confederate together to protect themselves by lawful acts from dishonest debtors. The petition as a whole fails to state any cause of action showing an infringement or privation of any right of plaintiff by defendants.

The judgment of the lower court is affirmed.