## Eustler v. Hughes et al.
(Decided Feb. 9, 1937.)

ZEB A. STEWART for appellant.

C. B. SPICER and FORESTER & SHEHAN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Pursuant to a peremptory instruction, a verdict was returned and judgment rendered in favor of the defendants in the suit of G. W. Eustler to recover damages resulting from an alleged conspiracy of the defendants to burn his property. The appeal follows.

The appellant's building in Harlan burned in the

early hours of August 26, 1923. A barber shop was
conducted in part of it by W. M. Burton. His charges
for service were materially less than those of other
shops in the city. A witness testified he saw another
negro, Jim Dotson, alias "Pee Wee," light and throw
a rag saturated with gasoline into the barber shop.
There was other evidence tending to show the fire was
incendiary. But Dotson was found not guilty under
an indictment. Excepting Dotson, who was not before
the court, the defendants are barbers. Some of them
are owners of shops and others are only employed
craftsmen. The barbers in Harlan seriously objected
to Burton having cut the uniform rates and they had
had several meetings in which the subject was discuss-
ed. From time to time the defendants would be seen
talking one with the other. There were two other shops
in town whose charges were below the scale and they
were discussed also. One of the defendants, whose shop
was in the same city block, had talked with the plain-
tiff about Burton's prices and advised him to get the
rates raised. Another told him he ought to know that
the barbers were not going to allow a cut-rate shop to
be run in his building. He was invited to attend a meet-
ing of the barbers, but did not do so. Burton attended
one of the meetings two or three weeks before the fire
at which time the matter of regulating prices was dis-
cussed. The other barbers wanted to raise the prices
above what was then regarded as standard. Burton
agreed to go to the current prices, but no more. When
no agreement was reached, he left the meeting. The
morning after the fire one of the defendants told How-
ard, who conducted a restaurant in plaintiff's building,
that he was glad it had burned. Two others told him
they were sorry for him, but they did not care anything
about Eustler. A policeman, who turned in the fire
alarm, saw two or three men on the street and a colored
boy run down the steps of the barber shop of the de-
fendant, Hughes, at whose place some of the meetings
had been held. Hughes, at a time not remembered,
stated to a witness in a conversation about the barber
prices that there was a shop cutting hair for less than
the others and that "the shop will be burned up."
Shortly after Dotson was put in jail on the charge of
arson, he was visited by three of the defendants at dif-
ferent times. The attorney for the defendants in this

lawsuit accompanied one of them, and it is by no means clear that these visits were not made until after the suit had been filed.

A combination of men to drive another out of business by unlawful means, accompanied by some overt act in furtherance thereof, constitutes a criminal conspiracy and is actionable for resulting damages. Schulten v. Bavarian Brewing Company, 96 Ky. 224, 28 S. W. 504, 16 Ky. Law Rep. 442; Standard Oil Company v. Doyle, 118 Ky. 662, 82 S. W. 271, 26 Ky. Law Rep. 544, 111 Am. St. Rep. 331; 5 R. C. L. 1095. The allegations in this case go further and charge that there was a consummated conspiracy to commit the felony of burning the landlord's property in order to accomplish the purpose of driving his tenant from business. That it states an actionable cause is not open to question. Brewster v. Miller's Sons Co., 101 Ky. 368, 41 S. W. 301, 19 Ky. Law Rep. 593, 38 L. R. A. 505; Hundley v. Louisville & Nashville Railroad Company, 105 Ky. 162, 48 S. W. 429, 20 Ky. Law Rep. 1085, 63 L. R. A. 289, 88 Am. St. Rep. 298; Leech v. Farmers' Tobacco Warehouse Company, 171 Ky. 791, 188 S. W. 886.

A conspiracy to accomplish an unlawful purpose is proved more often than otherwise by forging a chain of isolated statements or acts of the conspirators which of themselves would establish nothing culpatory. It is proving the charge by circumstances from which the joint assent of the minds of two or more of the parties to the unlawful enterprise may be reasonably inferred. Addison v. Wilson, 238 Ky. 143, 37 S. W. (2d) 7. The appellant argues that he proved his case in this manner and was entitled to go to the jury.

The proof was that the fire was incendiary; that the cut rates of the plaintiff's tenant was discussed by the defendants jointly; that they were dissatisfied with the competition, and persuasive efforts were made to induce the tenant to bring his charges into accord with the standard of the other shops. Persons engaged in the same trade may agree or combine to protect themselves by lawful acts. Schulten v. Bavarian Brewing Company, supra; Leech v. Farmers' Tobacco Warehouse Company, supra. One defendant once remarked that Burton's shop would be burned. Considering the absence of threats or an overt act upon the part of any

of the defendants before the court, this would seem to have been simply a prophetic utterance. A mere prophecy of misfortune overtaking a man whose actions are disliked is not sufficient to convict the prophet and his associates of causing it. The suspicion of guilt may be deduced from the antagonistic relationship of Burton and the defendants, but that is not enough. Even though the evidence did not have to be such as to establish the fact beyond a reasonable doubt, as in a criminal case, we cannot but agree with the conclusion of the trial court, that it was not sufficient to take the case to the jury.

Judgment affirmed.